a

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| ANTONIO JONES #43278-007, Plaintiff | CIVIL DOCKET NO. 1:24-CV-01386 SEC P |
| VERSUS | JUDGE EDWARDS |
| UNITED STATES ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil Complaint filed by pro se Plaintiff Antonio Jones ("Jones") under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)[1] and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. ECF No. 1. Jones is incarcerated at United States Penitentiary – Victorville in Adelanto, California. He seeks damages for injuries allegedly sustained at the United States Penitentiary in Pollock, Louisiana ("USP-P").

Because Jones's Complaint is untimely, it should be DENIED and DISMISSED.

I. **Background**

Jones alleges that officers at USP-P failed to protect him from an attack by other prisoners on May 24, 2022. ECF No. 1 at 3. After being treated and released

---

[1] In *Bivens*, the United Sates Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by § 1983. *Id.*

from the hospital, he was placed back in the Special Housing Unit ("SHU"). Jones alleges that he received inadequate medical care after his hospitalization. *Id.* He was transferred from USP-P on September 2, 2022. *Id.*

II. Law and Analysis

    A. Jones's Complaint is subject to preliminary screening.

Because Jones is suing officers or employees of a governmental entity and proceeding *in forma pauperis*, his Complaint is subject to preliminary screening under 28 U.S.C. § 1915A and § 1915(e)(2). Both statues provide for sua sponte dismissal of a complaint, or any portion thereof, if a court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

    B. Jones's claim is prescribed.

There is no federal statute of limitations for *Bivens* actions, so the forum state's general personal injury limitations period applies. The limitations period in Louisiana was one year at the time of the alleged constitutional violation. *See* La. Civ. Code art. 3492[2]; *Gaspard v. United States*, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983).

Under federal law, a cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *See Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). The plaintiff does not need to know that he has a

---

[2] The limitations period was recently changed to two years, but the statute only applies prospectively. La. Civ. Code. Art. 3493.1 (eff. July 1, 2024).

legal cause of action; he only needs to know the facts that would support a legal claim. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). But prisoners are required to exhaust available administrative remedies before filing a federal lawsuit. *See* 42 U.S.C. § 1997e(a).[3] Therefore, the limitations period is tolled while an inmate exhausts administrative remedies. *See Harris v. Hegmann*, 198 F. 3d 153, 158 (5th Cir. 1999).

Jones's cause of action accrued, at the latest, when he was transferred from USP-P on September 2, 2022. Therefore, he had one year from that date within which to file suit. Jones did not file an administrative remedy form BP-9, BP-10, and BP-11.[4] ECF No. 1 at 2. Therefore, he is not eligible to toll the limitations period. Since the lawsuit was not filed until 2024, it is prescribed.

Jones also presents his claim under the FTCA, which affords a claimant two years within which to file a claim with the appropriate agency. 28 U.S.C. § 2401(b). The FTCA limitations period is jurisdictional and may be raised sua sponte at any time by the Court. 28 U.S.C.A. § 2401(b); *Johnston v. United States*, 85 F.3d 217,

---

[3] The administrative remedy that must be exhausted prior to the bringing of a *Bivens* claim is the three-part procedure found in the Code of Federal Regulations. The inmate must file his initial grievance to the Warden on a BP-9 form. If dissatisfied with the response, the inmate may appeal to the Regional Director on a BP-10 form. If still dissatisfied, the inmate may appeal to the General Counsel on a BP-11 form. *See* C.F.R. 542.13-15; *Dartson v. Kastner*, 5:06-CV-180, 2006 WL 3702634, at *2 (E.D. Tex. 2006).

[4] Jones claims that he was not provided with a grievance form while in the SHU. But he was transferred on September 2, 2022, and still waited over two years before filing a civil Complaint, which was signed and dated September 26, 2024, and postmarked October 4, 2024. ECF No. 1 at 4; 1-2 at 1.

218 (5th Cir. 1996); *Houston v. United States Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987), *cert. denied*, 485 U.S. 1006 (1988).

Jones does not allege that he filed an administrative tort claim. Because he did not file a tort claim within the two year statutory period, Jones's FTCA claim is untimely, and the Court lacks jurisdiction.

### III. Conclusion

Because Jones's *Bivens* and FTCA claims are prescribed, IT IS RECOMMENDED that the Complaint (ECF No. 1) be DENIED and DISMISSED under 28 U.S.C. § 1915A and § 1915(e)(2), WITH PREJUDICE as to the *Bivens* claim, and WITHOUT PREJUDICE for lack of jurisdiction as to the FTCA claim.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, March 6, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

5